The **TENNESSEE DRESSED BEEF CO.**
et al., Complainants-Appellants,

v.

**Richard N. HALL and William A. Hall,**
**Defendants-Appellees.**

Court of Appeals of Tennessee,
Middle Section.

July 26, 1974.

Certiorari Denied by Supreme Court
Feb. 3, 1975.

Stanley T. Snodgrass, Snodgrass, Holt & Kresge, Nashville, for complainants-appellants.

W. Ovid Collins, Jr., Cornelius, Collins, Higgins & White, Nashville, for defendants-appellees.

## OPINION

SHRIVER, Judge.

Complainants, Lewis McRedmond and Patrick McRedmond, as minority stockholders in The Tennessee Dressed Beef Company, a Tennessee corporation, brought this action in the nature of a stockholders derivative suit to recover sums of money alleged to have been improperly paid to the defendants, Richard N. Hall and William A. Hall, as salaries and bonuses in their capacities as officers, directors and majority stockholders in the corporation. Complainants also seek to recover from defendants profits which are alleged to have been secretly secured by them as sole owners of a second corporation set up by them and called Beef Transport Company, Inc.

At the trial the complainants announced to the Court that they were abandoning the claims set out in the original bill respecting salaries and bonuses alleged to have been improperly paid to the defendants but would proceed on the allegations that the defendants received secret profits through the formation of Beef Transport Company, Inc., the stock of which Company, it is asserted, should rightfully belong to The Tennessee Dressed Beef Company, Inc., and that all secret profits received by the defendants should be returned to The Tennessee Dressed Beef Company, Inc. for the benefit of all of its stockholders.

The case was tried before Honorable Ben Cantrell, Chancellor, Part I of the Chancery Court at Nashville, on March 29, 1973 and resulted in a decree denying the complainants any relief and dismissing their bill.

From this decree, complainants seasonably perfected their appeal to this Court and have assigned errors.

## CHANCELLOR'S OPINION

After presentation of the case and argument of counsel, it was taken under advisement and briefs filed. On October 24, 1973, the Chancellor filed a well reasoned opinion setting forth the essential facts and his conclusions of both law and fact, which opinion is as follows:

## "MEMORANDUM

The plaintiffs, Louis McRedmond and Patrick McRedmond, are minority stockholders in the plaintiff, The Tennessee Dressed Beef Co. The defendants, Richard N. Hall and William A. Hall, are the majority stockholders. This suit is brought to recover a judgment against the defendants for damages sustained as a result of the defendants fraudulent acts and breaches of trust.

The Tennessee Dressed Beef Co. was incorporated in 1963 and has been continuously engaged in the business of buying cattle, running a slaughter house, selling boneless beef and the by-products of the slaughter house operation. In 1965 the defendants, Richard N. Hall and William A. Hall, incorporated a company by the name of Beef Transport, Inc. The purpose of Beef Transport, Inc., was to own the rolling stock of a trucking operation. Said equipment was in turn leased to the plaintiff. The Tennessee Dressed Beef Co.

The proof showed that the terms of the lease agreement between the two corporations were fair and in accordance with terms the plaintiff could have gotten with other leasing companies.

The financial statements of the leasing corporation, Beef Transport, Inc., show that it has enjoyed a substantial increase in earnings each year since it started operations in 1965. The balance sheet for the year ending July 31, 1972, shows a net income for that year of $25,311.98. The same balance sheet shows a total stockholders equity of $125,959.84. the financial statement for The Tennessee Dressed Beef Co. shows for the year ending May 27, 1972, a net income of $29,513.31. The same statement shows a total stockholders equity of $156,423.79 as of May 27, 1972.

It appears to the Court that there are two legal theories on which the plaintiffs might get the relief they seek in this case. The first is the common law prohibition against contracts between corporations having common directors. The early decisions which declared such transactions to be void have been modified by later statutes which use the test of fairness to determine if such transactions should be set aside by the Courts. The Corporation Act of 1968, which appears in our Code at § 48–816, reads as follows:

*'Corporate transactions in which directors or officers have an interest.*—(1) Except as otherwise provided in § 48–409 and § 48–814, no transaction in which a director or officer has a personal or adverse interest shall be void or voidable solely for this reason or solely because he is present at or participates in the meeting or his vote is counted, if

(a) the material facts as to his interest and as to the transaction are disclosed or are known to the board or committee and the fact of such interest is noted in the minutes, and the board or committee authorizes, approves or ratifies the transaction by a vote sufficient for such purpose without counting the vote of the interested director or directors; or if

(b) the material facts as to his interest and as to the transaction are disclosed or are known to the shareholders or members and the transaction is specifically approved by vote of the shareholders or members without counting the votes of any shares owned or controlled by the interested director or officer or

the vote of the interested director of officer if he is a member; or if

(c) the transaction is fair and equitable as to the corporation at the time it is authorized or approved, and the party asserting the fairness of the transaction establishes fairness.'

It should be noted that the way the statute reads the transaction between a corporation and a director having an adverse interest is not voidable if any of the three subsections apply. The proof in the record shows that subsections (1) (a) and (1) (b) were not complied with in this transaction. However, subsection (1) (c) which invokes the fairness test mentioned above is applicable here. There is evidence in the record that the lease contract between The Tennessee Dressed Beef Co. and Beef Transport, Inc., is fair in that the rates charged are as low or lower than could be obtained from other leasing companies. The plaintiffs do not seriously challenge this defense. Therefore, the Court finds that under our statute the defendants have established the fairness of the transaction and the transaction is not prohibited simply because the two corporations have common directors.

The other legal principle which might afford some relief to the plaintiffs is the so-called doctrine of 'corporate opportunity'. Although there are no cases decided by the Tennessee Courts recognizing the doctrine, it has become a general principle in the law of corporations. In 19 Am.Jur. 2d § 1311, the doctrine is discussed in the following terms:

'*Appropriation of business or corporate opportunities, generally.*

A corporate officer or director is under a fiduciary obligation not to divert a corporate business opportunity for his own personal gain. The rule as supported by a number of cases is that if there is presented to a corporate officer or director a business opportunity which the corporation is financially able to undertake, which is, from its nature, in the line of the corporation's business, and if of practical advantage to it, and which is one in which the corporation has an interest or a reasonable expectancy, and if, by embracing the opportunity, the self interest of the officer or director will be brought into conflict with that of the corporation, the law will not permit him to seize the opportunity for himself. If he does the corporation may claim the benefit of the transaction. This so-called doctrine of corporate opportunity is a species of the duty of a fiduciary to act with undivided loyalty; it is one of the manifestations of the general rule that demands of an officer or director the utmost good faith in his relation to the corporation which he represents. The doctrine charges the interest acquired by an officer or director of a corporation in violation of his duty with a trust for the benefit of the corporation.'

The defendant, Richard Hall, testified that he and his brother had two-thirds of the stock of The Tennessee Dressed Beef Co., and were the sole shareholders of Beef Transport, Inc. From the beginning in 1963, he and his brother and their father provided trucks to supply the beef to The Tennessee Dressed Beef Co. It is his understanding that a packing house cannot be in the trucking business because of a prohibition contained in the Packers and Stockyards Act of 1921. The financial statements for Beef Transport, Inc. reflected that for the year ending July 31, 1972, they did $113,611.08 worth of business with The Tennessee Dressed Beef Co., and $59,599.22 worth of business with others. Mr. Hall further testified that at the time Beef Transport, Inc., was formed The Tennessee Dressed Beef Co. was not in a position to go into the trucking business. However, the proof showed that Beef Transport, Inc., started with a paid in capital of $4,000.00.

Mr. Hall further testified that the trucks were merely owned by Beef Transport, Inc., and were leased to The Tennessee

Dressed Beef Co. All maintenance was performed by The Tennessee Dressed Beef Co., and they also furnished the drivers and did the billing and all book work. The address of the two corporations is the same, Beef Transport, Inc., having no employees other than the two defendants, Richard N. Hall and William A. Hall, who are officers of the corporation.

Although the Court views this as an unhealthy situation, it does not appear to be a case where a trust should be declared where the directors have usurped a corporate opportunity. The authority cited by the plaintiff ignores the test of fairness in determining this question but the defendants cite Section 862 of the Cyclopedia of the Law of Private Corporations by Fletcher which looks to the fundamental good faith of the transaction. The Court is persuaded that by enacting T.C.A. § 48-816 the Legislature has provided that transactions between directors and corporations they serve will be upheld if they are fair and equitable. Since the fairness of this transaction has been established the case should be dismissed.

Mr. Collins will prepare the decree. Let the plaintiffs pay the cost.

/s/ Ben H. Cantrell
BEN H. CANTRELL, CHANCELLOR

This October 24, 1973

xc: Mr. Stanley T. Snodgrass
Mr. W. Ovid Collins"

## ASSIGNMENTS OF ERROR

Appellants filed four assignments of error, as follows:

"1. The Chancellor erred in failing to find that the defendants violated their fiduciary duty to the minority stockholders of Tennessee Dressed Beef Company in establishing Beef Transport Company and making secret profits therefrom.

2. The Chancellor erred in failing to find that the defendants denied the Tennessee Beef Company the 'corporate opportunity' to own and operate its own hauling vehicles.

3. The Chancellor erred in failing to find that the defendants are constructive trustees for the stock of Beef Transport Company.

4. The Chancellor erred in finding that the contract between Tennessee Dressed Beef Company and Beef Transport Company was fair under all of the circumstances."

■ Under Section 27–303, T.C.A., and decisions of this Court and the Supreme Court in numerous cases, this case comes to us for a hearing de novo with a presumption of correctness and will not be reversed on the facts unless we find a preponderance of the evidence against the judgment of the Trial Court.

In the case at bar, we do not find that the evidence preponderates against the conclusions of fact reached by the Chancellor and we are in agreement as to his conclusions of law.

There is no doubt about the fiduciary relationship existing between the defendants as officers and directors in The Tennessee Dressed Beef Company, but we do not find that there was such violation of their duties as such officers and directors with respect to the two minority stockholders as to support the claim as insisted upon here.

It is to be noted that, from the very inception of the complainant corporation, it never owned over-the-road tractors and trailers but the equipment necessary for hauling cattle and products of the Company was leased from others. The two defendants owned trucks which they rented or leased to the corporation for hauling cattle and products, and it cannot be successfully contended that the McRedmonds were unaware of this fact and the method of operation by which the business was carried on. It is shown that the Halls acquired the tractors and trailers not with corporate assets, but with the help of their

father who was initially brought into the business by the McRedmonds.

The two majority stockholders, the Halls, decided to incorporate the trucking business which, apparently, did not substantially change the operation as it then existed and it is stipulated in the record that the rates provided by the lease entered into by the two corporations were fair and reasonable. Actually, the record indicates that the charges for this service by the second corporation were less than The Tennessee Dressed Beef Company would have had to pay for similar service by other available haulers.

Another fact for consideration is that a substantial part of the profit earned by the Beef Transport Company was from hauling for others than The Tennessee Dressed Beef Company and from the purchase and sale of cattle to others.

The appellants stress the doctrine of "corporate opportunity" which seems not to have been treated by any reported decisions in Tennessee.

In Fletcher's Cyclopedia of the Law of Private Corporations, it is said:

"A finding of 'corporate opportunity' will be denied wherever the fundamental fact of good faith is determined in favor of the director or officer charged with usurping the corporate opportunity, or where the company is unable to avail itself of the opportunity, or where availing itself of the opportunity is not essential to the company's business, of where the accused fiduciary does not exploit the opportunity by the employment of his company's resources, or where by embracing the opportunity personally the director or officer is not brought into direct competition with his company and its business."

From the record it would appear that it is not customary in the packing house industry for the packers to operate and own over-the-road equipment and that The Tennessee Dressed Beef Company was not in a financial position to acquire such equipment.

Considering all of these facts, we do not think the doctrine of "corporate opportunity" can be applied so as to render the defendants liable to complainants in the instant case.

From all of the above it results that the assignments of error are overruled and the judgment of the Chancellor is affirmed.

Affirmed.

TODD and DROWOTA, JJ., concur.