December 22, 1997

FOR PUBLICATION

IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

**FILED**

**December 22, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

WILLIAM A. HALL AND BEEF            (
TRANSPORT, INC.,                    (
                                    (
    Plaintiffs-Appellees-Appellants, (
                                    (
v.                                  (
                                    (
TENNESSEE DRESSED BEEF CO. AND      (
RICHARD N. HALL,                    (
                                    (   Davidson Chancery
    Defendants-Appellants-Appellees, (
                                    (   Hon. Robert S. Brandt,
and                                 (   Chancellor
                                    (
WILLIAM A. HALL, DERIVATIVELY       (   S. Ct. No. 01S01-9611-CH-00236
ON BEHALF OF TENNESSEE DRESSED      (
BEEF CO.,                           (
                                    (
    Plaintiff-Appellee,            (
                                    (
v.                                  (
                                    (
RICHARD N. HALL,                    (
                                    (
    Defendant-Appellant.           (

For Plaintiffs-Appellees-Appellants:    For Defendants-Appellants-Appellees:

Jeffrey A. Greene               John S. Hicks
Alvin L. Harris                 Darwin A. Hindman, III
Greene & Greene                 Brigid T. Miller
Nashville                       Baker, Donelson, Bearman
                                 & Caldwell
                               Nashville

**O P I N I O N**

JUDGMENT OF TRIAL COURT REVERSED;
JUDGMENT OF COURT OF APPEALS REVERSED
IN PART AND AFFIRMED IN PART.                    REID, J.

    This case presents appeals by all parties from the

decision of the Court of Appeals affirming in part and reversing in part the order of the trial court granting summary judgment in favor of the defendants on all issues. The decisions granting summary judgment are reversed and the case is remanded.

**I**

William A. Hall, individually and derivatively on behalf of Tennessee Dressed Beef Co., and Beef Transport, Inc. brought suit against Hall's brother, Richard N. Hall, and Tennessee Dressed Beef Co. alleging numerous causes of action based on transactions whereby Richard N. Hall gained control of Tennessee Dressed Beef Co. and subsequent actions taken by that corporation.

For purposes of summary judgment the facts are not disputed. Plaintiff William A. Hall and defendant Richard N. Hall each were issued one-third of the shares of stock in the defendant Tennessee Dressed Beef Co. when it was incorporated in 1962. The remaining one-third shares were divided equally between Louis and Patrick McRedmond. Tennessee Dressed Beef Co. is engaged in the business of brokering, slaughtering, and processing cattle. In 1965, another corporation, Beef Transport, Inc., was incorporated with William A. and Richard N. Hall as its sole and equal shareholders. Beef Transport, Inc. provides transportation services to Tennessee Dressed Beef Co., as well as to other customers. From 1962 until 1992, when the McRedmonds sold their interests in Tennessee Dressed Beef Co., the Halls used their

majority voting power to control the business of the corporation. The McRedmonds frequently disagreed with the Halls and even brought an unsuccessful suit alleging that the Halls received secret profits through the formation of Beef Transport, Inc. Tennessee Dressed Beef Co. v. Hall, 519 S.W.2d 805 (Tenn. Ct. App. 1974), cert. denied, (Tenn. 1975).

In the late 1960s or early 1970s, William A. and Richard N. Hall began to disagree about management issues and corporate policy. Although they continued to align themselves against the McRedmonds, the relationship between the Halls deteriorated, and, in 1988 William A. Hall ceased to be active in the daily operations of Tennessee Dressed Beef Co. He continued as president of Beef Transport, Inc. In the early 1990s, each of the Halls undertook to buy the other's stock in Tennessee Dressed Beef Co. When their attempts to reach an agreement were unsuccessful, they each approached the McRedmonds. A deal was struck between Richard N. Hall and the McRedmonds whereby Richard N. Hall would acquire control of a majority of the shares of stock of Tennessee Dressed Beef Co. That transaction and subsequent actions taken by Richard N. Hall and Tennessee Dressed Beef Co. are the basis for this case.

At that time, the bylaws of Tennessee Dressed Beef Co. contained the following provision:

> No stock shall be sold by any stockholder
> unless he has given the corporation twenty days
> notice of his intentions to sell, during which
> time the other stockholders of record shall

have the privilege of purchasing same at the lowest price at which said stockholder offers to sell, but this restriction shall not apply to sales by and between the four original stockholders, or their heirs or the personal representatives of their estates.

On October 26, 1992, Richard N. Hall, on behalf of himself and as president of Tennessee Dressed Beef Co., executed a Stock Purchase and Redemption Agreement with the McRedmonds. The agreement provided that Richard N. Hall would purchase 100 shares of the McRedmonds' stock at $187.39 per share for a total cost of $18,739.15 and Tennessee Dressed Beef Co. would redeem the remaining 7,400 shares of the McRedmonds' stock at the same price per share, for a total cost of $1,386,724. The agreement provided that Tennessee Dressed Beef Co. would pay the McRedmonds $280,000 in cash at closing and the balance of $1,106,724 over seven years at 8.75 percent interest. In addition, a company owned by the McRedmonds, Nashville Recycling, which had an overdue account with Tennessee Dressed Beef Co. of approximately $500,000, would repay the debt over five years at 6.25 percent interest. Pursuant to the agreement, the McRedmonds designated Richard N. Hall as their proxies to vote their shares at subsequent meetings of the shareholders of Tennessee Dressed Beef Co.

The following day, Richard N. Hall gave notice of a special meeting of Tennessee Dressed Beef Co.'s shareholders for November 9, 1992, for the purpose of amending the bylaws. The proposed amendment would repeal the above-quoted stock transfer restriction, which granted shareholders the right of first refusal

before shares could be sold to someone other than the original four shareholders. At the shareholders meeting, Richard N. Hall voted his shares and those owned by the McRedmonds for the amendment, which was adopted. William A. Hall voted his shares against the proposal. At a subsequent shareholders meeting, Richard N. Hall used his majority vote to add three new members to the board of directors. At the board of directors meeting that immediately followed, Richard N. Hall disclosed, for the first time, the agreement between himself, the corporation, and the McRedmonds. The newly elected board ratified the agreement. As a result, Richard N. Hall became the owner of 50.3 percent of the outstanding shares of Tennessee Dressed Beef Co., with William A. Hall owning the remaining 49.7 percent.

Subsequently, Richard N. Hall terminated William A. Hall's employment with Tennessee Dressed Beef Co. and thereby eliminated William A. Hall's annual income from the corporation of $150,000; the corporation increased Richard N. Hall's annual income by the same amount; and Tennessee Dressed Beef Co. unilaterally modified the contract between it and Beef Transport, Inc. to substantially eliminate Beef Transport, Inc.'s profits and increase Tennessee Dressed Beef Co.'s profit, causing an additional annual loss of income to William A. Hall of approximately $250,000.

**II**

A

The complaint alleges several causes of action in contract and tort and seeks, in addition to money damages, removal of Richard N. Hall as a director of Tennessee Dressed Beef Co. and Beef Transport, Inc. and judicial dissolution of both corporations.

The record presents three determinative and interrelated issues. The first is whether the corporation was obligated by the provision in its bylaws to give notice to all its shareholders of the McRedmonds' offer to sell their shares of stock; the second is whether William A. Hall can bring a derivative action on behalf of Tennessee Dressed Beef Co. against Richard N. Hall; and the third is whether William A. Hall has a cause of action against Richard N. Hall for breach of a fiduciary duty. All three issues will be answered in the affirmative.

B

William A. Hall claims that Tennessee Dressed Beef Co. breached the first refusal provision of the corporation's bylaws by not notifying him that the McRedmonds had offered to sell their stock to a non-shareholder, the corporation itself. This Court has not previously addressed the issue, but the weight of authority from other jurisdictions holds that properly adopted bylaws constitute a binding contract between the corporation and its shareholders. See, e.g., Elisian Guild, Inc. v. U.S., 412 F.2d 121, 124 (1st Cir. 1969); Gross v. Texas Plastics, Inc., 344 F. Supp. 564, 566 (D. N.J. 1972); Schraft v. Leis, 686 P.2d 865, 872

-6-

(Kan. 1984); Mass. Charitable Mechanic Ass'n v. Beede, 70 N.E.2d 825, 829 (Mass. 1947); Appeal of Two Crow Ranch, Inc., 494 P.2d 915, 919 (Mont. 1972); Golden v. Oahe Enterprises, Inc., 240 N.W.2d 102, 108 (S.D. 1976). To suggest that a corporation has no legal duty to follow its own bylaws "would be to reduce the bylaws to meaningless mouthing of words." Lewisburg Community Hosp., Inc. v. Alfredson, 805 S.W.2d 756, 759 (Tenn. 1991) (citation omitted).

In this case, Tennessee Dressed Beef Co. had notice of the proposed sale of stock. In order to give effect to the right of first refusal, the bylaw provision must be read to obligate Tennessee Dressed Beef Co. to notify the other shareholders of the proposed sale. Otherwise, the other shareholders would be unaware of the opportunity to buy the stock, which would render the right of first refusal meaningless, a result contrary to the clear purpose of the bylaw provision. See Smithart v. John Hancock Mut. Life Ins. Co., 71 S.W.2d 1059, 1063-64 (Tenn. 1934).

The defendants contend that William A. Hall had no right of first refusal to purchase the McRedmonds' stock because the bylaw provision was amended before the transaction was closed. Regardless of the validity of the action to repeal the bylaw provision, as of October 26, 1992 when the Stock Purchase and Redemption Agreement was executed, the bylaw provision was in effect. At that time, Tennessee Dressed Beef Co. had a duty to notify William A. Hall of the intention of the McRedmonds to sell their stock. This Court holds that William A. Hall may proceed

-7-

with his claims against Tennessee Dressed Beef Co. and Richard N. Hall based on the alleged breach of the bylaw provision.

C

The second issue is whether William A. Hall has standing to bring a derivative action on behalf of Tennessee Dressed Beef Co. against Richard N. Hall, despite the fact that William A. Hall is the only affected shareholder and has brought an independent action against Tennessee Dressed Beef Co. A shareholder may bring a derivative action in the name of the corporation to enforce the rights of the corporation. Tenn. Code Ann. § 48-17-401(a) (1988). In order to bring the action, the shareholder must have been a "shareholder of the corporation when the transaction complained of occurred." Id. Also, the shareholder must allege with particularity that the shareholder made a demand that was refused by the board of directors or that such a demand was not given for sufficient reason. Tenn. Code Ann. § 48-17-401(b) (1988). Finally, Tenn. R. Civ. P. 23.06 provides that the shareholder must "fairly and adequately represent the interests of the shareholders or members similarly situated."

Rule 23.06 refers to "a derivative action brought by one or more shareholders." (Emphasis added.) Rule 23.06 does not require a specific number of similarly situated shareholders. Other jurisdictions addressing this issue have held that the class of shareholders represented in the derivative action may consist of

only one person.  <u>Larson v. Dumke</u>, 900 F.2d 1363, 1368-69 (9th Cir.), <u>cert. denied sub nom.</u> <u>Round Table Pizza, Inc. v. Larson</u>, 498 U.S. 1012, 111 S. Ct. 580, 112 L. Ed. 2d 585 (1990); <u>Jordan v. Bowman Apple Prods. Co., Inc.</u>, 728 F. Supp. 409, 412-13 (W.D. Va. 1990); <u>Halstead Video, Inc. v. Guttillo</u>, 115 F.R.D. 177, 179-80 (N.D. Ill. 1987); <u>Brandon v. Brandon Constr. Co., Inc.</u>, 776 S.W.2d 349, 353-54 (Ark. 1989); <u>Eye Site, Inc. v. Blackburn</u>, 796 S.W.2d 160, 161-63 (Tex. 1990).  This Court agrees with the Court of Appeals that the class of shareholders contemplated by Tenn. R. Civ. P. 23.06 may consist of one shareholder.  Otherwise, as the court below noted, a shareholder of a closely held corporation might be deprived of the ability to bring a derivative action.  Thus, the fact that William A. Hall is the only affected shareholder does not preclude him from maintaining a derivative action in this case.

Citing an unreported decision of the Court of Appeals, Richard N. Hall claims that William A. Hall lacks standing because of a conflict of interest.  Maintaining a derivative action on behalf of a corporation while at the same time asserting an individual claim against the corporation may constitute a conflict of interest; and, if there is a conflict of interest, the shareholder is disqualified from maintaining a derivative action pursuant to Tenn. R. Civ. P. 23.06.  However, there is no conflict of interest in this case.  William A. Hall is not attempting to represent the interests of any other shareholders.  He is the only similarly situated shareholder.  Shareholders may bring derivative

and individual actions simultaneously.  See In re TransOcean Tender Offer Securities Litig., 455 F. Supp. 999, 1014 (N.D. Ill. 1978).  While there is always a theoretical conflict of interest, the great weight of authority rejects a per se rule prohibiting such representation.  Id.  Because there is no evidence in the record to support a finding that William A. Hall is incapable of fairly representing the interests of the corporation in the derivative action while maintaining his individual suit, the existence of both is no reason to deny him standing.

D

In the final issue, William A. Hall asserts several claims that Richard N. Hall breached a fiduciary duty owed William A. Hall.  Recently, in Nelson v. Martin and Gammon, ___ S.W.2d ___ (Tenn. 1997), the Court addressed the relationship between shareholders in a close corporation.  In that case, a shareholder sued the two remaining shareholders alleging the wrongful termination of his employment by the corporation and also his wrongful removal as an officer and a director.  The Court stated:

>                 The shareholders of a close corporation
>         share a fiduciary relationship which imposes
>         upon all shareholders the duty to act in good
>         faith and fairness with regard to their
>         respective interests as shareholders.  Officers
>         and directors of a corporation owe a similar
>         duty to the corporation.  In order to withstand
>         a motion for summary judgment, allegations that
>         the fiduciary duty has been violated must be
>         supported by material evidence that the action
>         was not in the best interests of the
>         corporation and further that it was motivated

-10-

by malice, avarice, or self-interest.

Id. at ___ [slip op., p. 20]. In Nelson, the Court found that the evidence in the record did not present a disputed issue of material fact. Consequently, the motions for summary judgment were sustained, and the suit was dismissed.

In the present case, there is evidence that the execution and performance of the Stock Purchase and Redemption Agreement was in violation of the duty owed by Richard N. Hall. Richard N. Hall stresses that legitimate business considerations supported every act about which William A. Hall has complained and that it is not a breach of fiduciary duty for one shareholder of a close corporation to attempt to acquire controlling interest in the corporation. He relies on Johns v. Caldwell, 601 S.W.2d 37, 45 (Tenn. Ct. App.), cert. denied, (Tenn. 1980). A transaction whereby an officer or director uses his position with the corporation, uses the corporation, or uses corporate funds for the purpose of promoting his personal interest at the expense of another shareholder may be the basis for a cause of action against the officer or director. Johns v. Caldwell does not support Richard N. Hall's position. See Nelson v. Martin and Gammon, ___ S.W.2d at ___ [slip op., pp. 12-13]. There is sufficient evidence in this case to withstand a motion for summary judgment on this issue.

**III**

In summary, the Court holds that (1) Tennessee Dressed Beef Co. was obligated by a provision of its bylaws to provide William A. Hall the opportunity to exercise a right of first refusal to purchase the McRedmonds' stock before it was sold to the corporation; (2) William A. Hall has standing to bring a derivative action on behalf of Tennessee Dressed Beef Co. against Richard N. Hall; and (3) the evidence in the record presents a disputed issue of material fact with regard to Richard N. Hall's breach of fiduciary duty. Consequently, the trial court and Court of Appeals are reversed as to the first issue, and the Court of Appeals' reversal of the trial court as to the second and third issues is affirmed. The result is that summary judgment is denied on all issues, and the case is remanded to the trial court for further proceedings.

Costs are assessed against Richard N. Hall.

_____
Reid, J.

Concur:

Anderson, C.J., Drowota, Birch,
   and Holder, JJ.