IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 10, 2007 Session

## CENTRAL SALES AND SERVICES, INC., EDWARD J. KEHRER and RALPH A. DEAVER, v. MARK A. BERG

**Direct Appeal from the Chancery Court for Humphreys County**
**No. CH03265     Hon. Robert E. Burch, Judge**

----

**No. M2007-00286-COA-R3-CV - Filed on February 27, 2008**

----

Plaintiff corporation and stockholders sued defendant to enforce a Stock Redemption and Shareholder Agreement signed by defendant, when he refused to comply with the terms of the Agreement after he was terminated from the company. The Trial Court granted plaintiff partial summary judgment, finding that the Agreement was enforceable, and defendant has appealed. We affirm the partial summary judgment of the Trial Court and remand, with instructions.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., and ANDY D. BENNETT, J., joined.

Thomas R. Meeks, Clarksville, Tennessee, for appellant.

Alan D. Johnson, Nashville, Tennessee, for appellees.

### OPINION

Plaintiffs' Complaint alleged that defendant, Mark Berg was a former employee of plaintiff, and one of three shareholders in the company, and that the shareholders and plaintiff had executed a Stock Redemption and Shareholder Agreement, but defendant had refused to comply with the terms of the Agreement.

Plaintiff asserted that the Agreement required that if any shareholder ceased to be an employee, that he was required to sell his shares of the stock to the other shareholders, and that the Agreement provided for two methods of computing the purchase price of the shares, which was to be the greater of the amounts calculated under the two methods, and sought specific performance of the Agreement.

A copy of the Agreement was attached, and it states that each of the three shareholders owns 320 shares of common stock in the company, and that "[i]f any Shareholder should retire, become disabled or for any reason cease to be an employee of the Company, such Shareholder shall offer to sell his shares to the Company first and then to all other Shareholders. The purchase price of such shares of stock shall be determined as set forth in Section C of this Agreement. Within thirty (30) days after the Shareholder's retirement, disability or termination as an employee, the Company may purchase such shares of the Shareholder, and such Shareholder shall sell the shares to the Company. If the Company does not purchase such shares within thirty (30) days after such retirement, disability or termination of employment, the other Shareholders may, within thirty (30) days immediately thereafter, purchase such shares in direct proportion to the number of shares they already own in the Company . . . ."

Section C of the Agreement provides the method for determining the purchase price of the shares, and states that the shares shall either be valued using a three-year weighted average of earnings, or book value, whichever is greater.

Subsequently, plaintiff filed a First Amended Complaint, naming the other two shareholders as additional plaintiffs.

Defendant's Answer admitted that the Agreement was executed, and when the other shareholders expressed a willingness to buy him out, he expressed "a basis upon which he would be willing to sell" which was unacceptable to the other shareholders, and that when he declined, he was terminated.

Defendant filed a Counter-Complaint, asserting that his termination was in bad faith, and without just cause, and was a plan by the other shareholders to acquire his stock at a fraction of its true value, and that the other shareholders had breached their fiduciary duties to him.

Defendant then moved dismiss, asserting plaintiff had filed a chapter 11 bankruptcy petition, and that its reorganization plan stated that any executory contract not assumed under the terms of the plan or separate court order would be deemed rejected. He asserted that the Agreement was an executory contract, but that it had not been assumed, and the date for doing so had long passed. On this ground, he asserted the action based on the Agreement should be dismissed.

In response, plaintiffs stated they were not seeking to enforce an executory contract, but rather were seeking a remedy for defendant's breach of contract, and relied upon the case of *In re Jolly*, 574 F.2d 349 (6th Cir. 1978), wherein the Court held that a contract was no longer executory

when it was breached before the debtor filed for bankruptcy protection.

Plaintiffs then moved for a Partial Judgment, asking the Court to dismiss defendant's claim of wrongful discharge. They asserted that the claim was barred by the one-year statute of limitations set forth at Tenn. Code Ann. §28-3-104 and §48-18-601. In response, defendant asserted that he was not claiming that the shareholders breached their fiduciary duties as officers or directors, but as shareholders, such that Tenn. Code Ann. §48-18-601 would not apply. He stated that Tenn. Code Ann. §28-3-104 also did not apply because he was not seeking damages for personal injury. He relied on *Mike v. Po Group, Inc.*, 937 S.W.2d 790 (Tenn. 1996), where the Supreme Court determined that the applicable statute of limitations for actions alleging breach of fiduciary duty by a shareholder was the three year statute found at Tenn. Code Ann. §28-3-105.

Plaintiff stockholders answered the Counter-Complaint, setting forth that they were unable to acquire defendant's stock within the timetable referenced in the Agreement because defendant refused to communicate with them, and denied that defendant was terminated because he refused to sell his stock, or that his termination was done in bad faith, and reasserted the affirmative defenses of statute of limitations and statute of frauds.

Defendant filed a Response to the Motion for Partial Summary Judgment, along with his own Statement of Facts, and did not deny that his employment was terminated, but stated that he was never terminated as an officer and director of the company, so the clause in the Agreement requiring him to sell his stock had not been triggered. An Affidavit in response, attaching the minutes of the meeting in 2006, showed that the office of vice-president had been "deleted".

The Trial Court held a hearing on December 4, 2006, and entered an Order Granting Plaintiffs' Motion for Partial Summary Judgment. The Court found that there were no genuine issues of material fact and defendant's employment with the company had ceased, and that pursuant to the terms of the Agreement, his status as a shareholder terminated when his employment ceased. The Court found that the value of defendant's share should be determined pursuant to the Agreement, and that the Agreement controlled what either the company or the individual plaintiffs had to pay the defendant for his shares. The Court held that this Order would be final pursuant to Tenn. R. Civ. P. 54.

Defendant has appealed. These issues are raised on appeal:

1.      Whether there is a genuine issue of material fact with regard to defendant's contractual defense that Deaver and Kehrer breached a duty of good faith and fair dealing in the performance and enforcement of the shareholder agreement when they terminated him for their own self-interest?

2.      Whether the Trial Court erred in declaring the plaintiffs' Partial Summary Judgment to be final pursuant to Tenn. R. Civ. P. 54?

3.      Whether the defendant's counter-claim for wrongful termination and breach of fiduciary duty is barred by the statute of limitations, and the Trial Court's denial of plaintiffs' motion for partial judgment on the pleadings should be reversed?

Defendant asserts that the Trial Court erred in refusing to recognize a genuine issue of material fact regarding whether the other stockholders had breached their duty of good faith and fair dealing implicit in the Agreement when they terminated him without just cause. He argues that he presented facts which would show that Deaver and Kehrer breached their fiduciary duty to him, which is a ground to void the Agreement.

Since this case involves a grant of partial summary judgment, we must:

review the decision of the trial court *de novo* with no presumption of correctness on appeal. We view the evidence in the light most favorable to the non-movant, allowing all necessary inferences in its favor and discarding all countervailing evidence, to determine whether a genuine dispute exists as to any of the material facts. If, upon review, a genuine issue exists or if there is doubt as to whether such issue exists, the summary judgment is improper and should be reversed.

*Madison v. Pickett County Bank and Trust Co.*, 33 S.W.3d 815, 816 (Tenn. Ct. App. 2000)

Defendant alleged that Deaver and Kehrer knew when they terminated him that the company was having financial difficulties, and if they terminated him at that time, his stock would have a lower value. He also alleged that there was no justifiable business purpose for his termination. Plaintiffs never gave any reason for their action, nor countered any of defendant's allegations regarding his termination by affidavit or otherwise.

Plaintiffs argue, however, that defendant has not shown any breach of fiduciary duty, and that even if he had, that would not be sufficient to constitute a defense to enforcement of the parties' Agreement. Corporate officers owe a fiduciary duty to shareholders of the corporation. *See* Tenn. Code Ann. §48-18-403[1]; *see also Intertherm Inc., v. Olympic Home Systems, Inc.*, 569 S.W.2d 467 (Tenn. Ct. App. 1978). The Supreme Court has also established that shareholders in a closely-held corporation owe a fiduciary duty to one another. *Mike v. Po Group*, 937 S.W.2d 790 (Tenn. 1996); *Hall v. Tennessee Dressed Beef Co.*, 957 S.W.2d 536 (Tenn. 1997).

We have previously broached the issue that a breach of such fiduciary duty might be sufficient to set aside a stock purchase agreement, if proven. *See Contractors Heating & Cooling, Inc., v. Devine*, 1996 WL 668341 (Tenn. Ct. App. Nov. 20, 1996). There is no controlling authority on this issue in this State, however, cases from other jurisdictions have held that setting aside a stock

_____

[1] The statute of limitations for a claim under Tenn. Code Ann. §48-18-403 is one year from the date of discovery, or no more than three years. Tenn. Code Ann. §48-18-601.

purchase agreement would not be the proper remedy for such a breach, but rather, monetary damages would be the appropriate redress.[2]  *See, e.g.*, *Brandt v. Somerville*, 692 N.W.2d 144 (N.D. 2005); *Keating v. Keating*, 2003 WL 23213143 (Mass. Super. Ct. Oct. 3, 2003).

In *Contractors Heating & Cooling, Inc.,* we specifically stated:

> In a closely held corporation, the logic behind the enforcement of stock redemption agreements is particularly compelling because a close corporation has a special need to control both the character and the number of shareholders.  In addition, a stock redemption agreement allows the business to continue without having to pay out insupportable amounts of money upon the death or retirement of a key shareholder

*Id.* at p. 3.  Similarly, cases from other jurisdictions have held that there was no breach of a fiduciary duty where a corporation/its shareholders sought to invoke the provisions of a stock purchase agreement to buy the stock of a shareholder even though the shareholder claimed the deal was to his detriment.  Courts typically enforce such agreements that are freely and voluntarily consented to by the shareholders, as was the Agreement in this case.  *Reinhart v. Cendrowski Selecky, PC*, 2003 WL 23104222 (Mich. Ct. App. Dec. 30, 2003); *Jenkins v. Hayworth*, 572 F. Supp. 591 (D.C. Mich. 1983); *Gallagher v. Lambert*, 549 N.E.2d 136 (N.Y. 1989).

This case involves a partial summary judgment based solely on enforcing the parties' Agreement as written, and we conclude the defendant has set forth no basis for setting aside or voiding the Agreement.  The Agreement unambiguously provides that upon any shareholder's termination from employment with the company, his shares are to be sold to the corporation or the other shareholders for a price that is provided in the Agreement.  Defendant does not question that his employment with the company was terminated, and thus, as the Trial Court held, the Agreement should be enforced and defendant's shares should be transferred to the corporation for the price set out in the Agreement.

The Trial Court has other issues to resolve, which includes defendant's claim of breach of fiduciary duty by the individual plaintiffs.  The Trial Court will be required to examine this claim upon remand to determine its viability, but the remedy for any such breach, if proven, would not be to set aside the Agreement, and the resolution of that issue would have no bearing on this appeal.

Defendant contends the Trial Court erred in certifying the partial summary judgment for the purpose of this appeal, and argues that this issue is "inextricably linked with a remaining issue not yet decided".  Having determined that these issues are not "inextricably linked", but that the Agreement should be enforced irrespective of the other claims, there was clearly no just reason to delay the resolution of this issue.  Plaintiffs have alleged the corporation has been prevented from

---

[2]  Research has revealed no case where a stock agreement was set aside based on breach of fiduciary duty by a shareholder/officer.

effectively carrying out its financial business, such as procuring loans, due to the fact that defendant was still listed as a shareholder. The Trial Court correctly certified this judgment so that the corporation could have a settlement of its ownership and go forward with business. We find this issue to be without merit.

Finally, plaintiffs raise the issue that the Trial Court erred in failing to grant them judgment on the pleadings regarding defendant's counter-claims of wrongful termination and breach of fiduciary duty, alleging that the applicable statutes of limitations have already run on these claims. As noted, the applicable statute of limitations for actions of breach of fiduciary duty by a director/officer is one year from the date of discovery, pursuant to Tenn. Code Ann. §48-18-601. Defendant has not disputed that he was terminated from his employment in April 2002, and he did not file his claims until June 2004. It would appear that defendant's claim of breach of fiduciary duty of an officer/director is barred by the statute of limitations. However, defendant states in his brief that he is not asserting such a claim. Similarly, if defendant is claiming wrongful termination (which is not entirely clear from the pleadings), the statute of limitations applicable to that claim is also one year, pursuant to Tenn. Code Ann. §28-3-104. *Weber v. Moses*, 38 S.W.2d 387 (Tenn. 1996).

As we have discussed, defendant is also claiming breach of the fiduciary duty owed by one shareholder to another, and the Supreme Court has unequivocally stated that the one year statute of limitations regarding breach of fiduciary duty by officers/directors would not apply. *See, Mike v. Po Group, Inc*. In that case, the Court reasoned that this type of action was more similar to a tortious injury to property, and held that the three year statute of limitations at Tenn. Code Ann. §28-3-105 would apply. Contrary to plaintiffs' arguments, the Court did not limit this holding to the facts of that particular case. Thus, defendant's claim regarding breach of shareholder fiduciary duty is not time-barred.

In sum, the Trial Court's grant of partial summary judgment enforcing the parties' Agreement as written, is affirmed and the case remanded to determine the price to be paid defendant pursuant to said Agreement, and for consideration of defendant's claim of breach of shareholder fiduciary duty.

The cost of the appeal is assessed to Mark Berg, and the cause remanded.

HERSCHEL PICKENS FRANKS, P.J.

-6-