## 𝔅𝔦𝔠𝔥𝔪𝔬𝔫𝔡

HENRY B. BAYLOR v. BEVERLY BOOK COMPANY, INCORPORATED, ET AL.

June 13, 1975.

Record No. 740862.

Present, All the Justices.

*Lewis M. Costello; D. C. Wray, Jr. (Kuykendall, Whiting & Costello,* on brief), for appellant.

*Wayt B. Timberlake, Jr. (Timberlake, Smith, Thomas & Moses,* on brief), for appellees.

Per Curiam.

The plaintiff, Henry B. Baylor (Baylor), instituted this suit under Code § 13.1-94 against the defendants, Beverly Book Company, Incorporated (Beverly) and Thomas W. Dixon (Dixon), its president, alleging that Baylor and Dixon were the owners of all the outstanding shares of stock in Beverly; that Dixon had ignored the corporate existence of Beverly by failing to hold stockholders' and directors' meetings; that Dixon had operated the corporation "upon his own initiative and design, without following accepted corporate procedure"; that Dixon, without appropriate action, had made interest-

free loans to himself from corporate funds at times when Beverly was borrowing funds at prevailing interest rates from commercial lending institutions; that these acts on Dixon's part constituted a misapplication of corporate funds; and that Dixon's conduct and domination of the corporation were oppressive. The prayer of the bill asked that the corporation be liquidated or, alternatively, that the court award "such other relief as the nature of this case may require."

The defendants filed a special plea to Baylor's bill alleging that the by-laws of Beverly provided that "[a]ny individual stock-holder desiring to sell his stock, either in whole or part, must first give, in writing, the corporation, or remaining stockholders,· the opportunity to purchase such stock at par value"; that Beverly and Dixon were willing and able to purchase Baylor's shares of stock as provided by the by-laws; and that, since Beverly and Dixon were willing to purchase Baylor's stock at "the price at which he [was] obligated to sell," Baylor could establish no loss and, therefore, was not entitled to "relief under Section 13.1-94 of the Code of Virginia."

The parties, at a pretrial conference, stipulated that the by-laws of Beverly contained the provision set forth in the special plea and that defendants were ready, willing and able to purchase plaintiff's shares of stock at par value.

The trial court, finding that the plaintiff "would appear to desire to liquidate his interest in the corporation" and that the plaintiff, who was a stockholder when the by-law was adopted at the time the corporation was organized, "presumably agreed to" its adoption, held that "the by-law provision would preclude the [plaintiff] from coming into court and saying that the corporation has not been properly operated and, as a result thereof, he is entitled to liquidate the corporation and possibly receive more than the par value of his stock." Accordingly, the court sustained the special plea and decreed that the plaintiff's bill be dismissed. We reverse.

Code § 13.1-94 provides, in pertinent part:

"Any court of record, with general equity jurisdiction in the city or county where the registered office or principal office of a corporation is located, shall have full power to liquidate the assets and business of the corporation and, but only in the case of either subparagraph (a) or (b) below and where the court also finds that it would be in the best interests of both the creditors and stockholders of the corporation, to appoint one or more persons to be custodians

of such corporation with authority to continue the business of the corporation, with full authority to declare dividends and to take all other such actions as might be taken by the board of directors, until such time as the court determines (1) that it would be in the best interests of the creditors and its stockholders to restore the management of such corporation to its board of directors and, (2) in the case of a previous deadlock on the board of directors or in its election, that a new board has been duly elected:

"(a) In an action by a stockholder when it is established:

\* \* \*

"(2) That the acts of the directors or those in control of the corporation are illegal, oppressive or fraudulent; or

\* \* \*

"(4) That the corporate assets are being misapplied or wasted."

\* \* \*

This statute is remedial in nature and should be liberally construed. *White* v. *Perkins,* 213 Va. 129, 189 S.E.2d 315 (1972). It provides an additional remedy for the protection of the rights of stockholders, particularly minority stockholders. This remedy is in addition to the rights theretofore afforded stockholders under both the state law and the corporation's charter and by-laws.

Baylor's bill alleged oppression and misapplication or waste of the corporate assets, two grounds which, if shown by a preponderance of the evidence, would have entitled Baylor to relief under the statute. The trial court erred in holding that the allegation in Baylor's bill brought him within the ambit of the by-law provision requiring a stockholder desiring to sell his shares to offer those shares to the corporation or Dixon at their par value. Baylor, by his suit, did not offer to sell his shares of stock, but sought the relief which the law provides for stockholders whose rights are violated by oppressive conduct on the part of the officers and directors of a corporation or by their misapplication or waste of corporate assets. We, therefore, reverse and remand the case for a full hearing on its merits.

*Reversed and remanded.*